Chief Justice Robertson
delivered the Opinion of the Court.
Thomas E. Gates having enjoined a judgment for the last instalment of the stipulated price of a tract of land, sold to him by James McWilliams, now deceased, and prayed for a conveyance of a good title, with warranty, or for a rescission of the contract, and the Circuit Court being of the opinion that, during the pendency of the suit, the heirs of McWilliams, who are parties, had acquired. and conveyed to the complainant a sufficient title, dissolved his injunction, without damages, and dismissed his bill, with a decree in his favor for costs.
He now seeks a reversal of that decree, on two grounds: first — the insufficiency of the title; second— the insufficiency of the warranty. >. ■
The last ground is, we think, clearly untenable; for, though Gates is entitled to a general warranty, as extensive in its obligation as the liability of the deceased covenantor, still, as the warranty by the heirs is so made as to bind them to the extent, not only of the real, hut of the personal, estate, also, which shall have come to them from their ancestor, it is as comprehensive as it should have been. The administrator should not be required to bind himself by a warranty; and a warranty by him, would not be more available than to the extent of the distributable fund, which will be liable according to the deed as now made.
But the objection to the title is insuperable — for two reasons only:—
First. One of the documents of title is a decree against persons described as the heirs of Matthew Clay, the patentee, and there is no proof that they ’ were his heirs, and certainly the decree against them as heirs — Gates being pio party — is no better evidence of their being the *43 heirs, and only heirs,-than a mere deed executed by them in the character of heirs would have been. Ex.trinsic proof of their title would be as necessary in the •one case in as the other.
A decree against heirs, compelling them to make a ti tie their ancestor was hound for, be ing reversed,time is to he allowed-them for further preparation.
Second. The conveyance to McWilliams’ heirs, contains the name of one person, as one of the heirs and conveyees, who is not a party to this suit. And, of course, if that person be alive, or, being dead, left other heirs than those now before the Court, the deed, ás made, pursuant to the interlocutory decree, does not pass the whole title. But if he be alive, Gates ought to have made him a party; and if he be dead, and left other heirs than those now in Court, he ought to have made them parties; and therefore, in remanding the case, we shall give time to present this matter on the record in -a satisfactory manner.
Wherefore, the decree is reversed, and the cause re-' manded, with instructions to allow either party time to bring other proper parties before the Court, or to exhibit such facts as may 'show that no other person than-the present-parties is a necessary party.